GEORGIA,
Chatham Co.
JAN. 1824.

Straffin
vs.
Newell.

*Minutes of Superior Court, letter G. p. 83.*

*January Term,* 1824.

STRAFFIN *vs.* NEWELL.

### NEW TRIAL.

By *Charlton,* Judge.

IN this case a rule has been made absolute, for a new trial upon the verdict of a petit jury of the last term, and the opinion of the court is required upon these points.

1. How ought this case stand upon the docket ?

2. Is it to be tried by a special, or another petit jury ?

On the first point, I am of opinion, that all cases, ordered for a new trial, stand upon the docket, as if no new trial had been ordered. A re-investigation places them in the same situation upon the docket, as if no trial had been obtained ; this case, therefore, will be tried in the order in which it appears on the docket.

On the second point, I am of the opinion, that this case must be re-tried by a petit jury. The 55th section of the judicial act of 1799, declares, " That the Superior Courts shall have power to correct, and grant new trials in any case depending in any of the Superior Courts, in such manner, and under such rules and regulations as they may establish, and according to law and the custom of the courts." This section must refer to new trials on the verdicts of a petit jury ; for it is only upon the principles of such a reference, that we can give the section a meaning distinct or operative. The terms, " any case in the Superior Courts," are general enough to include all new trials whatever, upon the verdicts of petit juries, or special juries ; but these general expres-

sions are explained and restrained by the 57th and 58th sections of the same act, which exclusively provide for new trials, upon verdicts of a special jury.

GEORGIA,
Chatham Co.
Jan. 1824.

Straffin
vs.
Newell.

Except the terms, "all new trials," in the 58th section, these sections cannot, by any construction, bear upon the verdicts of a petit jury.   A judge cannot make the law, but he has the power of construing a statute, having authority over all laws, and more especially over statutes, to mould them according to reason and convenience and to the best and truest use.

I shall therefore mould this statute according to reason ; *ut res magis valeat quam pereat*, and confine these general terms " all new trials" to the new trial spoken of  in the 57th section, which are new trials upon the verdicts of a special jury, not only upon the authority of the maxim which I have just used, and also that the most natural and genuine way of construing a statute, is to construe one part by another, of the same statute, for this best expresseth the meaning of the maker, and such construction is, (*ex vis ceribus actus,*) 1 Inst. 381, but because it is the only sensible construction that can be given to the act.   If this construction is not given to the act, then these absurdities result, that the Superior Courts shall have power to grant new trials in any cause depending in any of the Superior Courts, in such manner and under such regulations as they may establish, as it is expressed in the 55th section, but still, that all new trials shall be had by a special jury under the particular regulations pointed out in the 58th section.   That is to say, the said Superior Courts shall grant new trials under such regulations as they may establish, yet they must adhere  to the regulations established in the 57th and 58th sections of the judicial act.   These contradictions are  obviated by confining the words " shall have power to grant new trials," in any cause depending in any of the said Superior  Courts, to new trials on the verdicts of a petit jury, under such regulations as they may establish by a rule of court, and the term " *all new trials*" to the verdicts

GEORGIA,
Chatham Co.
JAN. 1824.

Straffin
vs.
Newell.

of a special jury. These appear also to have been the impressions of one of my predecessors, who has framed the following rule :

"On a rule made absolute for a new trial, the party applying shall give security and pay costs ; as in cases of appeal : thereupon the same shall be docketed and stand for trial at the next term." *Min. Sup. Ct. Book C. p. 297.*

*Leake,* for the Plaintiff.
*Davis* and *Berrien,* for Defendant.